FILED
2007 May-09 AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAMERLA QUICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | CV-06-B-0500-S |
| CITY OF BIRMINGHAM, ALABAMA, ) | |
| ) | OPPOSED |
| Defendants. ) | |

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EVIDENTIARY
SUBMISSION IN SUPPORT OF DEFENDANTS' REPLY BRIEF

COMES NOW the Plaintiff and respectfully requests the issuance of an order by this Honorable Court striking (a) Defendant's Evidentiary Submission in Support of Defendant's Reply Brief (Exhibits A-C attached to the Defendant's Reply Brief), and (b) the new arguments raised by the Defendant in its brief.

As grounds for this motion, the Plaintiff states as follows:

1.  This is a suit for gender discrimination and retaliation in violation of violation of Title VII of the Civil Rights Act of 1964, as amended.

2. Counsel for the Plaintiff has conferred with Counsel for the Defendant about this motion, and Counsel for the Defendant opposes this motion.

*Evidentiary Submissions*

3. The Evidentiary Materials were not timely filed.

   a. The Evidentiary Materials attached to the Defendant's reply brief should be stricken because they were not filed with the Defendant's initial summary judgment submission, and the Plaintiff is not allowed a sur-reply brief under this Court's Scheduling Order entered on May 23, 2006.

   b. The Plaintiff will be prejudiced by the Defendants' filing of evidentiary materials.

      i. The Plaintiff must be allowed a "reasonable and meaningful opportunity to challenge a motion for summary judgment." *Burns v. Gadsden State Community College*, 908 F.2d 1512, 1516 (11th Cir. 1990). This is especially true in the context of an employment discrimination case. *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 593-94 (11th Cir. 1987)

        ii.     When the Defendant presents additional evidence after the Plaintiff has responded to the Defendant's motion for summary judgment, the Plaintiff is denied a meaningful opportunity to respond to said motion for summary judgment. The Defendant should not be allowed to file evidence with the Court to which the Plaintiff has no opportunity to respond.

    c.    It would be proper for this Court to strike the new evidence which does not comply with this Court's Scheduling Order. *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404,410 (1st Cir. 1985). The Plaintiff requests that this Court strike the Evidentiary Materials in question due to the fact that Plaintiff does not have an opportunity to respond to this newly filed evidence.

4.    Exhibit C constitutes inadmissible evidence.

    a.    Exhibit C attached to the Defendant's reply brief consists of a chart/time line purporting to set forth the substance of complaints made by the Plaintiff to the Defendant during her

employment.

b. In order to submit documentary evidence in support of a motion for summary judgment, the party relying on such evidence must lay a foundation authentication and verifying such documents. *Oris v. Kirkwood,* 999 F.2f 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550-51 (9th Cir. 1990); *see also Beyene v. Coleman,* 854 F.2d 1179, 1182 (9th Cir. 1988)(holding that Federal Rule of Evidence 901(a) requires that "before evidence may be admitted, a foundation must be laid 'by evidence sufficient to support a finding that the matter in question in what the proponent claims.'")(*quoting* Fed. R. Evid. 901(a))).

c. Defendant's Exhibit C does not reference testimony supporting the facts alleged in the cart or attach any documents demonstrating the truth of the facts alleged in the chart. The allegations in the chart have not been verified or authenticated and are therefore inadmissible.

*Untimely Argument*

5. The Defendant's assertion of the *Faragher* affirmative defense in its reply brief is not timely.

6. The Defendant raises for the first time in its reply brief the affirmative defense to sexual harassment claims recognized in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998) and *Bulrington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). This defense was not plead in the Defendant's Answer (Doc. 4 filed April 12, 2006) nor clearly set forth in the Defendant's summary judgment brief. As such, this Court should strike the portion of the Defendant's summary judgment brief relating to this affirmative defense.

7. The Defendant did not plead the *Faragher* affirmative defense in its answer as required by Rule 8(c) of the Federal Rules of Civil Procedure.

   a. In its Answer, the Defendant must state in short and plain terms any defenses to asserted claims in the complaint. *See Fed.R.Civ. P. 8(b), (c).* Rule 8(c) requires that in "pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."

b. As the Defendant concedes on page 4 of its reply brief, *Faragher/Ellerth* is an affirmative defense. However, the Defendant did not set forth this defense affirmatively in its answer on any pleadings preceding the close of discovery and/or the dispositive motion deadline in this action. As such, the Defendant has not timely raised this defense and should not be allowed to use it in support of its summary judgment motion. *See Horne v. Russell County Comm'n,* 2005 U.S. Dist. LEXIS 19541, 23-25 (M. D. Ala. 2005) (rejecting the argument that the defendant properly raised the Faragher-Ellerth defense by pleading the affirmative defense it its Answer that "any injury or damages suffered by the Plaintiff were the result of an independent intervening cause and not the result of any alleged actions or omissions by these Defendants."); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 572 (2d Cir. 2000) (reiterating that for an employer to escape liability through a *Faragher/Ellerth* defense, it must "plead and prove, as an affirmative defense, that 1) the employer exercised reasonable care to prevent and promptly correct any

sexual harassment by such supervisor, and 2) the employee unreasonably failed to avail herself of any corrective or preventative opportunities provided by the employer or to avoid harm otherwise.").

c.  To the extent the Defendant seeks to amend its Answer to include this defense, it should not be allowed to do absent a showing of good cause. *EEOC v. Geoscience Eng'g & Testing, Inc.*, 2007 U.S. Dist. LEXIS 22330, *8 (S. D. Tex. 2007) (denying a defendant's request to amend its answer to include a *Faragher* defense after the close of the dispositive and non-dispositive motion deadline); *see also* FED. R. CIV. P. 16(b) (scheduling order shall not be modified except upon showing of good cause and by leave of the district court).

   i.  "District courts are required to 'enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . " *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed.R.Civ.P. 16(b)). "Such orders 'control the subsequent course of the action

      unless modified by a subsequent order,' Fed.R.Civ.P. 16(e), and may be modified only 'upon a showing of good cause." *Id.* (quoting Fed.R.Civ.P. 16(b)).

  ii.  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed.R.Civ.P. 16, advisory committee's note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

  iii.  "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."[1]  *Id.*, at 1418 n.2.

  iv.  This Court's Scheduling Order allowed the Defendant until July 28, 2006, to amend its answer or assert new defenses. The Defendant did not seek to amend its

---

[1] To the extent that the Defendant attempts to rely on an analysis of Rule 15 to support a contention that it should be allowed to assert its untimely defense, the Eleventh Circuit has already rejected this argument observing that if it considered only Rule 15 "without regard to Rule 16(b), [the court] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

        answer to include the affirmative *Faragher* defense prior to this deadline. Rather, the Defendant articulates this defense for the first time in its summary judgment reply brief filed ten (10) months after the deadline to amend pleadings and almost five (5) months after the close of discovery.

v.     The Defendant cannot show good cause to excuse its failure to comply with this Court's Scheduling Order. The facts which are the basis of the proposed defense should have been available to the Defendant at the time the original pleadings were filed. Under such facts, the United States Court of Appeals for the Eleventh Circuit has held that a District Court Judge does not abuse her discretion in denying the motion to amend and striking that defense. *See Campbell v. Emory University*, 166 F.3d 1157, 1162 (11th Cir. 1999); *see also Williams v. West*, CV-98-S-611-NE (N.D. Ala. May 25, 1999) (denying defendant's motion to amend

> answer to assert an affirmative defense after the deadline to amend pleadings had passed and granting in part plaintiff's motion to strike affirmative defense); *attached hereto as Exhibit 1.*.

vi. In *Sosa v. Airprint Systems, Inc.*, the United States Court of Appeals for the Eleventh Circuit affirmed a district court's denial of a parties motion to amend a pleading out of time. 133 F.3d 1417 (11th Cir. 1998). In *Sosa*, the plaintiff sought leave to amend her complaint after the period delineated by the court's scheduling order. The United States Court of Appeals for the Eleventh Circuit reasoned that the district court's adherence to its scheduling order was proper because the information which would have been the basis of the amended pleading had been known to the plaintiff prior to the deadline to amend pleadings. The plaintiff there had failed to exercise due diligence in adhering to the scheduling order. *See Sosa*, 133 F.3d at 1419. The Eleventh Circuit held that in light of the plaintiff's lack of diligence in

>asserting claims within the time frame prescribed by the scheduling order and failure to demonstrate good cause for doing so, the district court was proper in denying the motion to amend. *See id.*

8. Furthermore, the Defendant did not raise its *Faragher/Ellerth* defense, nor even cite to the cases recognizing the defense, until it filed its summary judgment reply brief. The Defendant's assertion of an affirmative defense, for the first time, in its reply brief is untimely and should not be permitted. "It is well accepted that raising of new issues and submission of new facts in [sic] reply brief is improper." *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 311 n.82 (M. D. Ala. 2006); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S. D. Cal. 1999); *see also Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (CD. Cal. 2005)("the moving party in a motion cannot submit new information as part of its Reply").

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff respectfully requests the issuance of an order striking (a) the Defendants' Evidentiary Submission in Support of the Defendant's' Reply Brief and (b) the portion of the Defendant's reply brief arguing that summary judgment should be

granted on a *Faragher/Ellerth* defense.

                                Respectfully submitted,

                                /s/ Heather Newsom Leonard
                                Heather Newsom Leonard
                                COUNSEL FOR PLAINTIFF
                                HEATHER LEONARD, P.C.
                                The Gross Building
                                2108 Rocky Ridge Road
                                Suite 1
                                Birmingham, AL 35216

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served upon all counsel of record on May 9, 2007, through the Court's CM/ECF system:

        Jeffrey P. Gilliam
        Michael Melton
        City Hall Law Department
        710 N 20th Street, Room 600
        Birmingham, AL 35203

                                /s/ Heather N. Leonard
                                Of Counsel