FILED
2008 Mar-03 PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMERLA C. QUICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 06-B-0500-S |
| ) | |
| CITY OF BIRMINGHAM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion for a New Trial. (Doc. 56.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion for New Trial, (doc. 56), is due to be denied.

At the end of a four-day trial, the jury returned the following verdict:

1. Has [plaintiff] satisfied you that it is more likely true than not true that she was subjected to a hostile or abusive work environment . . . because of her sex or gender?

    Answer Yes or No     <u>Yes</u>

<u>      </u>. . .

(a) If your answer is "yes," to question #1, has Pamerla Quick satisfied you that it is more likely true than not true that such hostile or abusive work environment was created or permitted by a supervisor with immediate or successively higher authority over the Plaintiff?

    Answer Yes or No     <u>No</u>

(Doc. 54.)   Plaintiff now asks the court to grant her a new trial; as grounds for her Motion, plaintiff contends: (1) the jury's verdict was against the great weight of the evidence, (*id*. at 3); (2) the court improperly excluded evidence, (*id*. at 4); (3) the court erred in failing to give plaintiff's requested instructions, (*id*. at 5); and (4) the jury's verdict was internally inconsistent, (*id*. at 5).

**A. WEIGHT OF THE EVIDENCE**

"A motion for a new trial may be granted if the district court judge believes the verdict rendered by the jury was contrary to the great weight of the evidence." *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999)(citing *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1497-98 (11th Cir. 1987)). However, "the district court [may] not simply substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury." *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995)(citing *Redd v. City of Phenix City*, 934 F.2d 1211, 1215 (11th Cir. 1991)).

Plaintiff argues:

> A new trial should be awarded because the jury's decision that the Plaintiff failed to prove that it was more likely true than not true that her hostile work environment was created and/or permitted by a supervisor with immediate or successively higher authority was against the great weight of the evidence.
>
> > a. The plaintiff presented . . . evidence of written letters of complaint and oral complaints she made to the Defendant that she was experiencing gender based harassment/discrimination.  She also presented evidence that the harassing conditions were the result not only of the conduct of her co-workers, but also her superiors.

2

> b. The jury's finding that the Plaintiff did not present evidence that the hostile work environment in which she worked was created and/or permitted by the Defendant was contrary to the evidence presented at trial by the Plaintiff.[1]

(Doc. 56 at 3.)

In this case, plaintiff presented evidence that she was harassed by supervisors and co-workers. She also presented evidence that she had complained about the harassment. This evidence, however, did not go unchallenged by defendant. As defendant contends, the evidence at trial was sufficient to allow the jury to find:

> 1) that the hostile work environment was created solely by fellow firefighters or apparatus operators, 2) that her superiors, once notified of Mrs. Quick's allegations, took timely and appropriate steps to deal with the situation, and/or 3) that the allegations made by Mrs. Quick against her superiors did not constitute sexual harassment or the creation/permission of a hostile work environment.

(Doc. 57 at 3.) The court agrees.

The evidence of defendant's liability for the hostile work environment presented at trial was not so unambiguous and undisputed that a finding in favor of plaintiff as to defendant's liability was compelled. The court finds the jury heard substantial evidence upon which it could find that defendant was not liable for the hostile work environment.

---

[1] The court notes that, contrary to plaintiff's argument, (*see* doc. 56 at 3), the jury did not find that she had not ***presented*** evidence any evidence that defendant created or permitted the hostile work environment. Rather, the verdict indicates that the jury was not satisfied that such fact was more likely true than not true. (Doc. 54.)

Therefore, plaintiff's Motion for a New Trial on the ground that the verdict was against the great weight of the evidence will be denied.

## B.  EVIDENTIARY RULINGS

Plaintiff argues that she is entitled to a new trial based on the court's exclusion of evidence that "could have led the jury to find that the hostile work environment in which the Plaintiff worked was permitted and/or created by the Defendant." (Doc. 56 at 4.)  She contends the court erred in excluding evidence "that Chief Ivor Brooks was suspended for failing to adequately respond to and/or investigate the sexual harassment complaint of April Levins . . . the same year that the Plaintiff also complained to Brooks's office that she felt threatened by Ural Mitchell," and excluding evidence "relating to (a) sexual harassment experienced by other female firefighters . . . and (b) the Plaintiff's knowledge of how those individuals were treated." (*Id*.)

The law is well established that the court "retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative, and in requiring that which is to be brought to the jury's attention to be done so in a manner least likely to confuse that body." *Hamling v. United States*, 418 U.S. 87, 127 (1974).  Moreover, plaintiff is only entitled to a new trial based on the court's decision to limit or exclude evidence if the decision substantially prejudiced plaintiff. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008)(internal citations omitted).

In this case the court excluded evidence of discipline received by Brooks because Brooks did not testify, and because plaintiff's complaint to Brooks did not name her harasser and she subsequently denied she had a problem. Under the circumstances, the court finds it properly excluded evidence of the City's decision to suspend Brooks based on his conduct related to a complaint made by another female employee.

The court also notes that plaintiff was allowed to testify as to all incidents of sexual harassment that she had experienced and personally witnessed, and it allowed plaintiff to call other female firefighters to testify as to harassment and complaints that were discussed with plaintiff. The court finds plaintiff was not substantially prejudiced by the court limiting evidence of the harassment of other female firefighters in such a manner.

Therefore, plaintiff's Motion for a New Trial based on the court's evidentiary rulings will be denied.

## C.  JURY INSTRUCTIONS

Plaintiff argues that she is entitled to a new trial because the court failed to give a requested jury instruction; she states:

> This Court's decision not to give the jury instruction requested by the Plaintiff that a Plaintiff's failure to complain and/or delay in complaining is reasonable and excusable if she can prove a credible threat of retaliation existed and/or such complaints would be futile was in error. The requested instruction would have allowed a jury to use its judgment to evaluate whether the working conditions created by the Defendant were intended to deter complaints of harassment thereby allowing a jury to find that the work environment in which the Plaintiff worked was created and/or permitted by the Defendant.

(Doc. 56 at 5.)

5

The court's instructions to the jury must "accurately reflect the law" so as to "properly guide[ ] [the jury] in its deliberations." *Broaddus v. Florida Power Corp.*, 145 F.3d 1283, 1288 (11th Cir. 1998)(citations omitted). After reviewing the instructions given to the jury and plaintiff's requested jury instructions, (doc. 42), the court finds that the jury was properly guided in its deliberations. Moreover, the court notes that plaintiff was allowed to argue the evidence before the jury, and, thus, she has not suffered prejudice.

Therefore, the court will deny plaintiff's Motion for New Trial based upon failure to give plaintiff's requested jury instruction.

## E. INCONSISTENT VERDICT

Plaintiff argues that she is entitled to a new trial because the jury's verdict is internally inconsistent. She contends:

> In this action, the jury found that the Plaintiff, who repeatedly complained of harassment in her work environment to the Defendant, experienced unlawful sexual harassment. However, the jury's finding that the harassment was not permitted by the Defendant is inconsistent with the finding that the Plaintiff experienced harassment in her work environment. Much of the harassment about which the Plaintiff complained in this action came from her superiors and/or related to the conditions of the facilities in which she worked. The inconsistency lies in the jury's finding that the Plaintiff experienced a hostile work environment based on her facilities and the conduct of superiors, but those same acts/conditions were not created or permitted by the Defendant.

(Doc. 56 at 6.)

The court notes that the verdict form does not indicate that the jury found that plaintiff had "experienced a hostile work environment based on her facilities and the conduct of superiors," as plaintiff argues. The verdict form, as set forth above, indicates that the jury

6

found plaintiff was subjected to a work environment that was hostile to her because of her sex or gender.  It contains no indication that the jury's finding was based on its conclusion that the environment was hostile because of the facilities or because her superiors harassed her.  In fact, much of the evidence admitted at trial concerned the alleged harassing conduct of plaintiff's co-workers.  As set forth above, the jury's verdict – that plaintiff experienced a hostile work environment but defendant did not create or permit such environment – is not against the great weight of the evidence.

>The Eleventh Circuit has held:
>
>>In evaluating a claim that a jury's answers to a Rule 49(a) special verdict are inconsistent,
>
>>>the Seventh Amendment demands that, if there is a view of the case which makes the jury's answers consistent, this Court must adopt that view.  It does not matter whether [the appellant] can suggest equally plausible reasons for the verdict that would require reversal.  The test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted . . . .
>
>>*Aquachem Co., Inc. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir. 1983) (citations and internal quotations omitted).  . . . "[I]t is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them:  'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.'"  *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)(quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962)).

*Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458, 1464 (11th Cir. 1998).

Based on the evidence at trial, the jury's answers to the special verdict form can easily be resolved as consistent with a finding that the hostile environment was created by plaintiff's co-workers, and that defendant either was unaware of the harassment, as with Mitchell, or that it had taken adequate steps to resolve the harassment, as with plaintiff's prior complaints about other harassers. The court finds that the jury's verdict is consistent.

Therefore, plaintiff's Motion for New Trial based on an inconsistent verdict will be denied.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiff's Motion for a New Trial, (doc. 56), is due to be denied. An Order denying plaintiff's Motion for a New Trial will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 3rd day of March, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE